GRACE E. CONNOLLY, Plaintiff, *v.* EUGENE W. DENTON et al., Defendants.

Supreme Court, Special Term, Nassau County, February 26, 1945.

*Eugene R. Hurley* for plaintiff.

*Eugene W. Denton,* defendant in person.

C. A. JOHNSON, J. The plaintiff moves to strike out separate defenses contained in the answer of the defendant Denton, and for judgment on the pleadings. The complaint alleges a cause of action pursuant to article 15 of the Real Property Law under a title claimed to have accrued to the plaintiff under a tax sale deed from the County Treasurer of Nassau County. The relief sought is a judgment against the defendants barring them and all persons claiming under them from all claim to an estate in the premises described in the complaint and decreeing that the plaintiff is the lawful owner of the same in fee. The separate defenses asserted by the answer of the defendant Denton, are based upon the theory that the plaintiff must, even in an action brought under article 15 of the Real Property Law, comply with the provisions of section 5-57.1 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd. by L. 1939, ch. 704), by extending to the defendant a right of redemption from the tax sale as provided therein.

I can find no basis in the statutes for such a theory. Section 5-57.1 of the Nassau County Administrative Code applicable only to the County of Nassau, created a remedy for the enforcement of a tax lien purchased at a county treasurer's tax sale more advantageous to the purchaser, in some respects, than the remedy theretofore provided by article 15 of the Real Property Law. The remedy provided in Nassau County by the

provisions of the Administrative Code has since been extended to the whole State by the provisions of article 7-B of the Tax Law. Nowhere in the Tax Law or in the Administrative Code is there evidence of any intention to supersede article 15 of the Real Property Law or to read into its provisions any of the language by which the new remedy is created; on the contrary, the action provided for by article 15 of the Real Property Law is clearly recognized as distinct and, in some respects, different from the remedy more recently provided by the Administrative Code and the Tax Law.

Although the provisions of article 15 of the Real Property Law have been substantially altered and liberalized by chapter 561 of the Laws of 1943, I find in those amendments no intention to abolish the individuality of the action or to amalgamate its provisions with those of article 7-B of the Tax Law or the Nassau County Administrative Code. In particular, the provisions of section 507 of the Real Property Law still affect an action to bar claim although the action brought under the Administrative Code or article 7-B of the Tax Law is expressly relieved of any such provision (Tax Law, § 169-a; Nassau County Administrative Code, § 5-57.1, subd. e).

A somewhat similar question was considered by the County Court of Nassau County in *Cardinal Service Corporation* v. *Ader* (March 31, 1943, COLLINS, J.). In that case, a similar attack was made upon a complaint in a partition action and similar defenses asserted upon the ground relied upon by the defendant herein. The County Court held that the remedy provided by the Administrative Code is not exclusive, that the partition action was properly brought and that in such an action the provisions of section 5-57.1 of the Nassau County Administrative Code are not applicable.

For all these reasons, it must be held that the separate defenses asserted in the answer herein are insufficient in law and that the complaint herein is good.

The motion to strike out defenses and for judgment on the pleadings for the plaintiff is, therefore, granted.

Settle order and judgment on notice.