Marcus G. Christ, J.
In a proceeding pursuant to article 78 of the Civil Practice Act, the respondent Sadie Schwartz has moved pursuant to section 1293 for a dismissal of the petition as failing to state facts sufficient to warrant the relief sought.
The petition is for an order directing the County Treasurer of Nassau County to receive and accept payment of the 1953-1954 school tax and the 1954 town tax levied against premises wherein the petitioner resides at 38 Hampton Court, Rockville Centre, N. Y. The petitioner, John Howe, alleges that a lien for the 1954 town tax was sold to Sadie Schwartz at a tax sale held on December 6, 1954; that a notice to redeem was served on his wife, Mary E. Howe, “ an occupant ” and “ a fee owner ” of the premises but no notice was served upon the petitioner who was also an occupant of the premises; that subsequently, September 17,1957, a deed was issued by the County Treasurer to Sadie Schwartz; that petitioner tendered the amount due to redeem the premises but the Coifnty Treasurer refused to accept said tender.
Considering only the factual allegations contained in the petition and assuming them to be true, the question is: must a notice to redeem be served pursuant to section 5-51.0 of the Nassau County Administrative Code (L. 1939, chs. 272, 704 as amd.), on a man who resides with his wife, the fee owner, in the premises which are the subject of the tax sale?
Section 5-51.0 provides in part “ The holder of any tax lien which is not satisfied, shall give notice to the occupant, owner in fee, trustee, mortgagee ” (emphasis supplied).
*459 The Nassau County Administrative Code does not contain a definition of the word “occupant”. Webster’s New International Dictionary (2d ed.) defines occupant as “ One who occupies, or takes possession; one who has the actual use or possession of a thing”. The Tax Law of the State of New York provides (§ 134) that “ The term ‘ occupant ’shall be construed to mean a person who has lawfully entered upon the land so occupied, and is in the possession of the same to the exclusion of every other person ’ ’. A woman who resides with her husband in premises of which she is the owner has full possession, “ the presence of her husband there as the head of the family, cannot in the least detract from her full possession and ownership” (Mygatt v. Coe, 152 N. Y. 457, 462). A legal presumption exists ‘ ‘ that the possession of land by husband and wife is the possession of the one in whom is the legal title ” (41 C. J. S., Husband and Wife, p. 496).
In view of the fact (1) that occupant has been defined to mean the person who has possession, (2) that a woman residing in premises owned by her is regarded as in full possession, it must be held that the notice given to the fee owner, Mary Howe, who was residing in the premises was notice to “the occupant” referred to in section 5-51.0 of the Nassau County Administrative Code and it was not necessary to give notice to the petitioner.
Accordingly, the motion to dismiss the petition is granted.