█ In the Matter of CHARLES J. KING et al., Respondents, against H. BOGART SEAMAN, as County Treasurer of Nassau County, et al., Respondents, and SADIE SCHWARTZ, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, Sadie Schwartz, the purchaser of a tax lien upon and the holder of a tax deed to certain real property, appeals from an order of the Supreme Court, Nassau County, entered September 28, 1959, which, inter alia, directed the County Treasurer of said county to permit two of the petitioners, Dorothy King and Patricia Ann Mackin, to redeem the tax lien and directed said treasurer and county, upon the treasurer's receipt of the redemption price, to cancel the tax lien and deed. Order affirmed, with costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

█ In the Matter of LEHAMA REST., INC., Petitioner, against NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the respondent State Liquor Authority suspending petitioner's restaurant liquor license for 20 days (of which 10 days were deferred) on the ground that, in violation of subdivision 2 of section 65 of the Alcoholic Beverage Control Law, petitioner on January 1, 1957, had sold, delivered, or given away alcoholic beverage to a person who, at the time, was intoxicated. By order of the Supreme Court, Kings County, dated December 11, 1958, the proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296). Determination confirmed, without costs. No opinion. Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur.

█ In the Matter of P. M. G. COMPANY, Appellant, against JULIAN LIBERMAN et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, Respondents.— In an article 78 proceeding to review a determination of the Zoning Board of Appeals of the Town of Greenburgh in the County of Westchester, which denied petitioner's application for variances and for a special permit to erect a gasoline service station, the petitioner appeals from an order of the Supreme Court, Westchester County, dated February 3, 1960, dismissing the proceeding. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

█ MARILYN LEVINE, Respondent, v. IRVING J. CARR, Appellant.— In an action for a partition and other relief, the defendant appeals from an order of the Supreme Court, Nassau County, dated February 4, 1960, denying his motion to dismiss the complaint for insufficiency on its face. Appeal dismissed, with $10 costs and disbursements. Appellant has failed to submit a proper record as required by statute and rule (Civ. Prac. Act, § 616; Rules Civ. Prac., rule 234; cf. Whipple v. Ripson, 29 App. Div. 70; Matter of Gowdey, 101 App. Div. 275). We have, however, examined the complaint. In our opinion it is sufficient, and, if we were not dismissing the appeal, we would affirm the order. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.