Wilma Bauman, Respondent, *v.* Jay D. Fisher, Appellant.
Floyd T. Bauman, Respondent, *v.* Jay D. Fisher, Appellant.

Third Department, December 2, 1960.

*Teeter, Harpending, Fox & Swartwood (Charles B. Swartwood* of counsel), for appellant appearing specially.

*Cain & McCabe (Paul H. McCabe* of counsel), for respondents.

GIBSON, J. The appeals contest the validity of the claimed service of process upon a nonresident, pursuant to the Vehicle and Traffic Law.

Plaintiffs' causes of action arise upon defendant's alleged negligent operation of an automobile within the State of New York on September 14, 1954. Defendant was then a resident of the State, but removed therefrom about two years later. Prior to that time unsuccessful settlement negotiations were conducted by his insurance carrier with the plaintiffs, and with plaintiffs' attorneys after their retainer. In attempting to serve process upon defendant, plaintiffs' attorneys learned of his departure and were informed that his whereabouts were unknown. They then attempted to effect service under the Vehicle and Traffic Law as then constituted, pursuant to the provisions of section 52 respecting service upon a nonresident motorist, which, by section 52-a, are made applicable to a resident departed from the State subsequent to the accident or collision. Section 52 (as amd. by L. 1954, ch. 499), after providing for service upon the Secretary of State, continued, " and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by registered mail with return receipt requested.'' The statute further requires the filing, among other papers, of " either a return receipt purporting to be signed by the defendant or a person qualified to receive his registered mail, in accordance with the rules and customs of the post-office department; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities

that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail." In attempted compliance with these provisions, the required papers were mailed to defendant at the address appearing upon the accident report filed by him but were returned by the post office with the notation "Moved, left no address".

The Special Term considered that the owner or operator who has become involved in an accident and remains subject to sections 52 and 52-a "has a responsibility to see that his whereabouts are not concealed by moving without leaving any forwarding address"; that the statute is intended to cover a situation such as here occurred; and that the purported service in this case was in compliance with it. However just and reasonable the effect of the construction thus suggested, we find no warrant therefor in the plain language of the act. The constitutional validity of statutes such as this, resting, as they do, upon constructive appointment of an attorney to receive service of process, depends upon further provision rendering "reasonably probable" the receipt by the defendant of notice of such service. (*Wuchter* v. *Pizzutti,* 276 U. S. 13, 24.) The New York statute when enacted (L. 1928, ch. 465) followed, in language almost identical, the Massachusetts nonresident motorist act, which in 1927 had been sustained by the decision in *Hess* v. *Pawloski* (274 U. S. 352) as not in contravention of the due process clause of the Fourteenth Amendment. That decision construed the Massachusetts act as requiring *actual* notice to the nonresident defendant, this by virtue of the provision, seemingly expressed as a condition, that notice be sent by registered mail " to the defendant " and his return receipt filed; and our Court of Appeals subsequently found actual notice the import of the New York statute as well, holding: "In order to insure that a defendant so served shall receive actual notice of the action, the statute provides that such service shall be sufficient only ' provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt * * * filed with the clerk of the court * * * '". (*Shushereba* v. *Ames,* 255 N. Y. 490, 492.) Although the provision for " actual notice " exceeds the minimal requirement of due process — that " reasonable probability " of notice be assured (*Wuchter, supra,* p. 24) — the importance of the construction at which both courts arrived is not thereby diminished.

Other State statutes in the pattern of the Massachusetts act have likewise been construed as requiring actual notice. (See,

e.g.; *Syracuse Trust Co.* v. *Keller,* 35 Del. 304, and *Mollohan* v. *North Side Cheese Co.,* 107 S. E. 2d 372 [W. Va.], in each of which cases the registered letter was returned with post-office notation that defendant's whereabouts were unknown; *Weisfeld* v. *Superior Court,* 110 Cal. App. 2d 148; *Bucholz* v. *Hutton,* 153 F. Supp. 62 [construing the Montana statute].) The Connecticut statute, providing for " sending [of notice] to the defendant * * * *at his last known address* ", was held to afford reasonable probability of notice and thus as effective to confer jurisdiction (*Hartley* v. *Vitiello,* 113 Conn. 74, 78–79), but that statute did not require the filing of a return receipt. This point of difference with the Massachusetts act also existed in the Virginia statute and was recognized by the United States District Court as satisfying the test of reasonable probability of notice under *Wuchter* (*supra*) rather than the Massachusetts requirement of actual notice as found in *Hess* (*supra*). (*Powell* v. *Knight,* 74 F. Supp. 191.) In Ohio, it was similarly reasoned, in the case of the somewhat unusual statute there, that, " Were it intended in every case that notice be actually delivered to a defendant, there would be no necessity for providing that notice should be sent to a particular place, to wit, the ' last known address ' " (*Hendershot* v. *Ferkel,* 144 Ohio St. 112, 119) and the thus conflicting statutory requirement of a registered mail return receipt was held not prerequisite to jurisdiction. If, upon the authorities last cited and in the absence of a pronouncement to the contrary by the Supreme Court, we assume for purpose of argument the validity of a statute establishing complete jurisdiction upon mailing to the last-known address, the fact remains that such provision is not that of the New York act.

It is true that the arrangement of the language of section 52 as originally enacted (L. 1928, ch. 465) tended to emphasize the mailing to the defendant and the filing of his return receipt as necessary and concurring conditions to the sufficiency of the service upon the Secretary of State, thus rendering unmistakable the necessity of actual notice; and that in the later rearrangement of the pertinent clauses (L. 1937, ch. 94) the provision for filing of the return receipt was expressed in a separate sentence as a direction, in terms at least, and not, as theretofore, a proviso or condition, and that it was then provided in still another sentence that service should be " complete " 10 days after such filing. The purpose of the 1937 amendment, however, seems to have been entirely unrelated to the matter of notice (see Third Annual Report of N. Y. Judicial Council, 1937, p. 204) and, in any event, the requirement of a return receipt remained. Consequently, the statute is not open to the con-

struction that the provision for a return receipt (or evidence of defendant's refusal of delivery) is directory merely and not prerequisite to jurisdiction. Authority to the contrary is not to be found in *Michaud* v. *Lussier* (6 A D 2d 746, affd. 7 N Y 2d 934) which held merely that the failure of timely filing of the papers required by section 52, including proof of defendants' receipt of notice *actually and properly given*, was not a jurisdictional defect.

Even if the statute could be construed as requiring no more than mailing to defendant's last-known address, plaintiffs' position in this case would not be measurably strengthened, as it would have to be held upon the conceded facts that there existed no reasonable probability, within the constitutional requirement, that the notice as mailed would reach the defendant or be communicated to him. Plaintiffs' attorneys knew, before addressing and mailing the papers, that defendant had removed from the address used and they had been informed by the Sheriff with whom they had lodged process for personal service that defendant's whereabouts were unknown. Thus, in our view, the statute, however construed in general, would have to be held violative of due process to the extent that it might recognize service as sufficient, when it was known in advance that probably the process would not be delivered and that the supposed address was in reality no address.

The orders should be reversed and the motions, insofar as addressed to the vacatur of the service and of the judgments, should be granted, without costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Orders reversed and motions, insofar as addressed to the vacatur of the service and of the judgments, granted, without costs.