Bernard S. Meyer, J.
Is the mailing of a notice to redeem to an owner at the address shown by the records of the Receiver of Taxes sufficient to cut off the owner’s right of redemption under the Nassau County Administrative Code, notwithstanding that the notice is returned undelivered? The court holds that it is not and that plaintiff’s motion for summary judgment must, therefore, be denied.
The transfer from the tax lien purchaser to plaintiff herein having been made solely for the purpose of this action, plaintiff’s rights are no greater than those of the purchaser. The moving papers disclose that a search was made of the records of the County Clerk, County Treasurer, Surrogate and Receiver of Taxes for the purpose of ascertaining who had a lien, claim or interest appearing of record; that the search revealed defendant Krokondelas to be the owner and his address to be 357 West 14th Street, New York, N. Y.; that on October 6,1960 registered mail notice was forwarded to him at that address and was returned by the postal authorities marked “not at address given that Krokondelas moved to 61-06 43rd Avenue, Wood-side, New York, in August, 1958, leaving a forwarding address with the postal authorities, but at least until July, 1961 had not changed his address on the records of the Receiver of Taxes. After the making of an affidavit of compliance by the tax lien purchaser, the County Treasurer executed a deed to said purchaser on January 11, 1961. The present action was brought in April, 1961. Krokondelas was served personally with the summons and complaint. Since the action is under the Real Property Law rather than section 5-57.1 of the Nassau County Administrative Code, Krokendelas may not exercise the redemption right given him by the latter section. The question presented by this motion, however, is whether he has lost the right of redemption after service of notice given him by section 5-50.0 (subd. a, par. 2) of the code.
That question turns on the meaning of the phrase “ last known address ” as used in subdivision c of section 5-51.0 which requires that “ The notice shall be served on the parties in interest by registered mail, postage paid, return receipt requested, and addressed to such persons’ last known address.” Plaintiff argues that since subdivision a of that section only requires search of the records of the County Clerk, County *423 Treasurer, Surrogate and Receiver of Taxes to ascertain who are parties in interest, the purchaser was not required to go beyond those records to ascertain the “ last known address.” Subdivision c does not, as does section 1110 of the Real Property Tax Law, provide that notice shall be “ addressed according to the name and address as the same appears on the records in the office of the clerk of the county in which such real property is situated ”, nor does it, as does section 1124 of the Real Property Tax Law, direct that notice be mailed to ‘1 the last known address of each owner of real property affected thereby, as the same appears upon the records in the office of the enforcing officer ”. In the absence of such explicit direction should the specification of particular records in subdivision a be read by implication into subdivision c? The court thinks not. In the first place, subdivision a deals with property interests and the records specified cover the places in which documents establishing such interests are recorded. Subdivision c, however, deals with addresses and there are many sources outside records in the four offices mentioned in subdivision a from which addresses may be obtained. Second, subdivision d provides that registered mail service may be dispensed with upon receipt from the County Treasurer of a certificate. The certificate is to be issued by the Treasurer when, among other things, “no information can be obtained as to the last reputed place of residence of the parties in interest or any of them ” (emphasis supplied). Subdivisions c and d must be read together; the italicized words import into the phrase “ last known address ” as used in subdivision c the concept of reputation which is consistent with the requirement of inquiry and inconsistent with the thought that examination of official records alone is sufficient. Third, the code provisions dealing with foreclosure require, before an order for service by publication can be made, a showing (§ 5-57.2, subd. b):
‘ ‘ 3. That the deponent has searched and inspected the records in the offices of the county clerk, the county treasurer, the surrogate of the county and the receiver of taxes for the town or city in which the property is located, for the purpose of making such service and ascertaining places where such defendant resides or could be found or would be likely to receive matter transmitted to him through the mail.
“ 4. The last address of the defendant ascertained by, or otherwise known to the deponent, to the best of his knowledge and belief and a statement that his knowledge has been acquired from and his belief is founded upon his searches, and inspection *424 of the records in the offices of such clerk, treasurer, surrogate and receiver of taxes.”
The italicized language of both 3 and 4 and the use of a comma after the word “ searches ” in 4 make clear that inspection of the records of the four offices is but part of the requirement; that a broader search is required “ for the purpose of * * *
ascertaining places where such defendant * * * would be
likely to receive matter transmitted to him through the mail.” The legislative policy thus manifested requiring a search broader than the official records, the court should not, absent clear indication of legislative intent so to require, limit the search for the “ last known address ” required by section 5-51.0 inconsistently with that policy.
The conclusion that the “last known address” as used in subdivision c of section 5-51.0 of the code is not limited to the address shown by the records of the County Clerk, County Treasurer, Surrogate and Receiver of Taxes is supported by the rule that statutes relating to redemption of property after tax sale are to be liberally construed in favor of the occupant or owner of the property (West End Brewing Co. v. Osborne, 227 App. Div. 340, affd. 254 N. Y. 572; Bodinger v. Garrison, 250 App. Div. 463). So under a statute requiring notice to the occupant, it was held ‘ ‘ that the purchaser should ascertain the fact at his peril,” (Jackson ex dem. Watson v. Esty, 7 Wend. 148, 150). Clearly under the Nassau County Administrative Code the tax lien purchaser is not required to ascertain at his peril the owner’s address, but since the statute under which he proceeds does not specify the means by which the address is to be ascertained, he must exercise due diligence to obtain the correct address. (85 C. J. S., Taxation, p. 269, § 868, subd. b.) Were the statute specific there would be no obligation to proceed further when the notice is returned undelivered, ibid., and see Hawley v. City of New York (283 App. Div. 882). But it is not specific and a purchaser to whom a notice is returned undelivered and who makes no inquiry beyond the Receiver’s records cannot be said to have exercised due diligence.
The court’s research has unearthed no New York case dealing with the precise question presented by this motion. Its conclusion, however, is supported by the reasoning of cases such as Hartley v. Vitiello (113 Conn. 74) and Hendershot v. Ferkel (144 Ohio St. 112) construing the requirement that summons and complaint be mailed to a nonresident motorist’s last-known address to mean his last address so far as it is reasonably possible to ascertain it from those persons who under ordinary circumstances would know it. (See, also, Bauman v. Fisher, *425 12 A D 2d 32, motion for leave to appeal granted 12 A D 2d 863; State ex rel. Cronkhite v. Belden, 193 Wis. 145; Glenn v. Holub, 36 F. Supp. 941 [construing Iowa statute]; Ann. 155 A. L. R. 1279, 1285.)