SADIE SCHWARTZ, Appellant, v. ARMOUR FERTILIZER WORKS, a Division of ARMOUR & COMPANY, et al., Defendants, and PETER A. KROKONDELAS, Respondent.— In an action brought pursuant to article 15 of the Real Property Law to compel the determination of claims to various parcels of real property, in which the respondent (defendant Krokondelas) asserted a counterclaim relating to Parcel IX, one of said parcels, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated January 8, 1962, as: (1) denied her motion for summary judgment against respondent with respect to said Parcel IX; and (2) granted summary judgment in favor of respondent. Order, insofar as appealed from, reversed, with $10 costs and disbursements; plaintiff's motion for summary judgment granted; and action severed as to respondent and said parcel. Plaintiff's predecessor in title acquired a tax lien on the subject parcel and, on or about January 11, 1961, a tax deed from the County Treasurer. His deed to the plaintiff was without consideration. In August, 1958, respondent moved his residence from Manhattan to Queens. He left a forwarding address notice with the postal authorities and mail was forwarded to him accordingly. In or about September and October, 1960, plaintiff's attorney examined the records kept by the County Clerk, the County Treasurer, the Surrogate of Nassau County and the Receiver of Taxes for the Town of Hempstead, in order to ascertain the persons upon whom notices to redeem were to be served pursuant to the Nassau County Administrative Code (L. 1939, chs. 272, 704, as amd.). As a result of such examination, he ascertained that the records in the office of the County Clerk and the Receiver of Taxes showed that respondent was the owner of the subject parcel and that he resided at a specified address in Manhattan. On October 6, 1960, plaintiff's attorney mailed a notice to redeem to respondent by registered mail, return receipt requested, addressed to him at said address in Manhattan. On October 7, 1960, said attorney filed an affidavit of compliance with the County Treasurer, reciting the fact that such notice had been mailed to respondent. On October 18, 1960, the notice, in its original envelope, was returned to said attorney with a notation thereon that the addressee was not to be found at the address given. Apparently, in accordance with postal rules and regulations, the notice was not forwarded because more than two years had elapsed since the change of address notice had been filed with the postal authorities. Nothing in the record indicates that, when the notice to redeem was mailed, plaintiff's attorney had any knowledge that respondent actually resided in Queens. The deed to plaintiff's predecessor in title was executed on January 11, 1961. The summons and complaint were personally served on respondent at his Queens address. The search and inspection of the records and the mailing of the notice to redeem were made in compliance with the Nassau County Administrative Code (§ 5-51.0; see, also, § 5-57.2, subds. b-3 and b-4). In our opinion, the plaintiff's attorney was not required to make further inquiry to ascertain another address to which the notice could be sent; and plaintiff's title may not be held to be invalid on

the ground that the search and inspection of the records were not sufficient (*County of Nassau* v. *Davis*, 265 App. Div. 856; 85 C. J. S., Taxation, § 868, subd. b; 155 A. L. R. 1280; cf. *City of New York* v. *Stolpensky*, 1 A D 2d 95; *County of Nassau* v. *Foster*, 279 App. Div. 1094). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur. [31 Misc 2d 421.]