■ MORRIS WEINSTEIN, Respondent, v. ALL STATE CREDIT CORPORATION et al., Defendants, and EDWINA CAREW et al., Appellants.— In an action pursuant to article 15 of the Real Property Actions and Proceedings Law to compel the determination of certain claims to real property, defendants Carew appeal from an order of the Supreme Court, Nassau County, dated January 21, 1969, which granted plaintiff's motion for summary judgment (CPLR 3212) as against them, including dismissal of their counterclaim and striking of their answer. Order affirmed, with $10 costs and disbursements. In our opinion, service of the notices of redemption, mailed to appellants Carew, was made in strict compliance with the provisions of the governing local law (Nassau County Administrative Code, § 5–51.0; L. 1939, chs. 272, 701–709, as amd.). The service was effective, even though the addressees failed to receive the documents mailed, since, as the code provides, the documents were directed to their last known location, to wit, the same address as was inscribed in the official record, and were mailed in the manner required by the above-cited provision of the code (*Schwartz* v. *Bankers Trust Co.*, 28 A D 2d 696, affd. 21 N Y 2d 927; *Schwartz* v. *Armour Fertilizer Works*, 16 A D 2d 947; *Connolly* v. *Denton*, 184 Misc. 761). Due process may permissibly prescribe other than personal service of documents (*Hurley* v. *Olcott*, 198 N. Y. 132). This is not a case where a special statute may be said to override a general statute, since plaintiff was afforded a choice between one of two remedies available to perfect a tax title, one under article 15 of the Real Property Actions and Proceedings Law and the other in pursuance of the Nassau County Administrative Code. His selection of article 15 as the method of his procedure did not make binding upon him any obligation, contained in the Administrative Code, to offer to appellants further redemption notice. Christ, P. J., Rabin and Martuscello, JJ., concur; Kleinfeld and Benjamin, JJ., dissent and vote to reverse order and reinstate the first defense and counterclaim and the fourth defense of defendants Carew, with the following memorandum: Defendants Carew bought the subject house and lot in 1938. In February, 1966 the County Treasurer of Nassau County sold a tax lien on the property described in the complaint as Parcel IV to Long Island Land Bureau, plaintiff's predecessor in title. Long Island Land Bureau paid the 1966 and 1967 taxes; and on March 27, 1968 (more than 21 months after the tax sale) plaintiff's attorney mailed notices of redemption to the Carews and certain others entitled to such notice under section 5–51.0 of the Nassau County Administrative Code. On April 8, 1968 the notices mailed to the Carews were returned to the sender, marked "Unclaimed". On July 1, 1968 plaintiff's attorney filed an affidavit with the County Treasurer stating therein that the necessary parties had been given the required notice of redemption and he requested the County Treasurer to issue his deed. That same day the County Treasurer issued his deed to Long Island Land Bureau and on August 29, 1968 the latter conveyed the property to plaintiff. Thereafter, plaintiff brought this action, *inter alia*, to bar the Carews' claim to Parcel IV, pursuant to article 15 of the Real Property Actions and Proceedings Law (RPAPL). The first defense and counterclaim in the Carews' answer alleged that they had not been given the notice to redeem which is required by section 5–51.0 of the Nassau County Administrative Code. Their fourth defense alleged that they had a right to redeem, under subdivision d of section 5–57.1 of the code; that they wished to exercise that right and offer to redeem in the manner prescribed in the code; and that the complaint failed to allege that plaintiff was extending the right to redeem, as required by subdivision d of section 5–57.1 of the code. The Special Term struck out these defenses and counterclaim and the majority in this court is affirming that determination. We believe the Special Term erred, these defenses are good on their face, and they should not have been stricken. If this

action had been brought pursuant to section 5–57.1 of the Nassau County Administrative Code, plaintiff's complaint would have had to offer the Carews a chance to redeem. An action to determine a claim to real property, under article 15 of the RPAPL, does not require such an offer. As the Nassau County Administrative Code is a special law applying only to Nassau County, it would ordinarily be deemed to override article 15 of the RPAPL, a general statute, insofar as Nassau County is concerned; and it thus would ordinarily be held to require an offer to defendants to redeem where a tax deed grantee seeks to eliminate any claim by the original owner. Apart from that, we believe that what was done here adds up to a denial of due process. Section 5–51.0 of the Nassau County Administrative Code provides that the notice to redeem shall be served by registered mail and that evidence of its mailing shall be sufficient evidence of its service. To protect against the situation where a mailed notice is not actually received by the owner, section 5–57.1 of the code requires that the tax deed grantee again offer the owner a chance to redeem when he sues, under the code, to bar the owner's claim to the property. In this case, plaintiff knew that the notices to redeem (mailed pursuant to the code) had not been received by the Carews, as they had been returned "Unclaimed". He then chose to bring this proceeding under article 15 of the RPAPL (instead of under the code), probably because article 15 contains no requirement that he must again offer the Carews a chance to redeem. Thus, by coupling the notice-to-redeem procedure of the code with an article 15 proceeding to eliminate the Carews' claim to Parcel IV, instead of with a code proceeding for that same relief, plaintiff has effectively deprived the Carews of a chance to redeem without either actual or constructive notice and without any reasonable opportunity for them to protect their rights. This is so because the notice-to-redeem procedure of the Code need not, and in this case did not, give actual notice to the Carews that they could redeem; and the complaint in an action under article 15 (unlike one under the code) need not, and in this case did not, contain a renewed offer of a chance to redeem. In our opinion, what was done here amounts to a taking of the Carews' property without due process of law and it should not be countenanced by the courts. We believe that the Code provision that service of the notice to redeem is accomplished by mere mailing (whether or not it is actually received) was deliberately coupled with a provision requiring a renewed offer of a chance to redeem in a bar-claim proceeding under the code in order to give the property owner reasonable notice and a reasonable chance to redeem, and thus satisfy the requirements of due process. We do not believe that it was ever contemplated or intended that a tax deed grantee could use the occasionally-ineffective redemption notice procedure of the code, and then abandon the other part of the code's procedural package and in its place use the article 15 procedure which does not give the owner the protection afforded by the code. The Special Term relied on *Schwartz* v. *Bankers Trust Co.* (28 A D 2d 696, affd. 21 N Y 2d 927, *supra*); *Schwartz* v. *Armour Fertilizer Works* (16 A D 2d 947); and *Connolly* v. *Denton* (184 Misc. 761). It is true that those cases involved actions under article 15 and that they held that the mere mailing of a redemption notice in compliance with the code is sufficient to support a judgment for the tax deed grantee, even though (a) the original owner never received the notice and (b) the original owner thus got no chance to redeem. But *Connolly* was only a Special Term decision; *Schwartz* v. *Armour Fertilizer Works* did not go up to the Court of Appeals; and *Schwartz* v. *Bankers Trust Co.*, which was affirmed by the Court of Appeals, did not involve this precise issue, since in that case the registered mail notice was received and refused by the husband owner, and the real issue was whether a notice to his wife (cotenant by the

entirety) could be deemed to have been served on her in compliance with the code where she no longer lived with her husband and the notice was contained in the same envelope with her husband's notice. Hence, we do not believe that the precise issue at bar has been conclusively settled by the cited cases. On the facts in this case, it is our opinion that the procedure followed by plaintiff violated due process, and that the Carews' first and fourth defenses and their counterclaim consequently are sufficient on their face.