*1005 OPINION OF THE COURT
Howard E. Levitt, J.
By order of this court made simultaneously herewith an action to bar claims pursuant to article 15 of the Real Property Actions and Proceedings law, a summary dispossess proceeding and a proceeding pursuant to CPLR article 78 have been consolidated. Three motions have been made in the bar claim action and one in the article 78 proceeding. Edward Pressman and Ann R. Pressman Markelson claiming to be mortgagees of the real property seek to intervene in the bar claim action and the article 78 proceeding. Defendant Glantz has moved to compel plaintiff to designate a street address for service upon him of papers and plaintiff has moved for summary judgment.
The court will deal with the procedural motions before proceeding to the motion for summary judgment and the article 78 proceeding which by its nature calls for a summary disposition. On the motions for leave to intervene, it is contended that Edward Pressman and Ann R. Pressman Markelson are named mortgagees of the property in their own right as well as beneficiaries of the trusts. A copy of the mortgage is submitted in support of that contention. Despite the evidence submitted, it is not entirely clear that the proposed interveners are mortgagees. The manner in which the various names are set forth in the mortgage might be interpreted as merely setting forth the addresses of the beneficiaries of the trusts rather than adding them individually. However, the court will permit the intervention in order to assure that the intervenors be permitted to protect any right they may have. The papers submitted by plaintiff are not consistent in setting forth his address and telephone number. The various parties to these proceedings are entitled to be advised as to where service upon him can be made. Accordingly, the motion to compel Louis Sweet to designate a street address at which service may be made upon him is granted and he is directed to do so within 20 days from the date of this decision.
These proceedings arise out of the sale of a tax lien by the Nassau County Treasurer in February of 1976. The lien was purchased by one Joseph Harris and was transferred to one Pauline E. Thurlow who obtained a deed from the county treasurer and subsequently conveyed the property to Louis Sweet. Petitioners in the article 78 proceeding contend that the deed by the county treasurer was invalidly executed *1006 because the holder of the tax lien did not comply with the applicable sections of the Nassau County Administrative Code (L 1939, chs 272, 701-709, as amd). Specifically, it is claimed that notice to redeem was not given to the persons and in the manner required by section 5-51.0 and that the proofs required by that section were not submitted to the county treasurer. The intervenors contend that notice to redeem was not properly given to them. Plaintiff in the bar claim action, respondent in the article 78 proceeding, Sweet upon his motion for summary judgment and in opposition to the article 78 proceeding relies heavily upon the presumption of regularity set forth in section 5-54.0 of the Nassau County Administrative Code. In addition he argues that notice to redeem was given in accordance with the requirements of the code.
 This court has recently had occasion to deal with the provisions of the Nassau County Administrative Code relating to tax sales and more particularly the requirement of giving notice to redeem. In Levine v Fine (NYLJ Aug. 2, 1978, p 14, col 6), I stated the rule, upon the authority of Clason v Baldwin (152 NY 204) that "[BJecause the loss of one’s property is such a harsh penalty for the non-payment of a tax while the taxing body can always be made whole by the payment of arrears with interest and expenses, the law will deprive an owner of his title only if the provisions of the pertinent statutes have been strictly met and these provisions will be liberally construed in the owner’s favor.” With that rule as a guide the contentions of the parties have been considered. Petitioners Glantz argue that notice to redeem should have been given to each of them, i.e., Judy Glantz, the owner of the property, Harold Glantz, her husband, and their three infant children since they are all "occupants” of the property. Respondent Sweet has argued that by the definition of "occupant” contained in subdivision (7) of section 1022 of the Real Property Tax Law only Judy Glantz would be entitled to notice. This court is in agreement with petitioners that the provisions of the Real Property Tax Law would not be applicable here. However, it must nevertheless conclude that the definition contained in that statute is in accord with the generally accepted definition of the term "occupant” (see, e.g., 47 NY Jur, Property, § 14) and that it has been applied to section 5-51.0 of the Nassau County Administrative Code (see Matter of Howe v Seaman, 16 Misc 2d 457). The decision of Mr. Justice Pittoni in King v Seaman (Nassau County Index *1007 No. 1174/1958, affd 11 AD2d 721, affd 10 NY2d 921) is not to the contrary. In that case it was held that notice sent to the husband, owner of the property who was living separate and apart from his wife who was residing upon the property was insufficient. Under the circumstances this court finds that notice to Judy Glantz would be sufficient to comply with the requirement of section 5-51.0 that notice be given to the "occupant” of the premises. However, it is the opinion of the court that subdivision c of the aforesaid section was not complied with here. That provision reads as follows: "The notice shall be served on the parties in interest by registered mail, postage paid, return receipt requested, showing address where delivered, and addressed to such person’s last known address. The receipt of the postmaster for such registered mail and the return card by the post office and the affidavit of the person mailing it, setting forth the means by which the last known address was ascertained, shall be sufficient evidence of the service of the notice.” That subdivision was amended in 1967 (Local Laws, 1967, No. 13 of County of Nassau). Prior to the amendment it provided that the receipt of the postmaster or the affidavit of the person mailing the notice was sufficient evidence of service. It seems reasonable to assume that the section requires that the items specified as sufficient evidence of the notice be presented to the county treasurer before a deed is issued by him. It is undisputed that the notices sent to the owner of the property, Judy Glantz, and to the mortgagee Lynn Pressman as trustee, were not received by them. Although the court has misgivings about the constitutionality of the procedure employed here (see the dissenting opns of Justices Benjamin and Kleinfeld in Weinstein v All State Credit Corp., 34 AD2d 971, revd 31 NY2d 835) it is bound by the appellate cases cited by the majority opinion in the Appellate Division. On that authority it must be held that actual receipt by Judy Glantz and Lynn Pressman was not necessary. Therefore, return receipts showing delivery upon them could not have been filed with the county treasurer. However, notices were sent to others having interests in the property and return receipts were not filed in the county treasurer’s office. Furthermore, even if they had been filed they were not complete since they did not show the address where delivered. Without the complete evidence of service of the notice to redeem the county treasurer should not have issued a deed. If the intervenors, Edward Pressman and Ann R. Pressman were mortgagees of the property in their own *1008 right, the failure to give notice to them would require setting aside the tax deed. As previously indicated that question cannot be determined without a trial. However, since the court has found other variations from the requirements of the code, the deed must be set aside upon the ground that there was not the necessary strict compliance with the provisions thereof (Weinstein v All State Credit Corp., 31 NY2d 835, supra). Therefore, there is no necessity for such a trial.
Accordingly, judgment is granted in favor of the petitioner Judy Glantz vacating the treasurer’s deed executed to Pauline E. Thurlow and directing the Nassau County Treasurer to permit petitioner and any other persons having necessary interest in the property to redeem the tax lien within three months from the date of the judgment to be entered hereon. The motion by plaintiff Louis Sweet for summary judgment is denied and the action pursuant to article 15 of the Real Property Actions and Proceedings Law is dismissed. The summary dispossess proceeding is, of course, dismissed.