■ EDWARD HARVILLE, Appellant, v COUNTY OF ERIE, Respondent, et al., Defendants.—Judgment affirmed without costs. Memorandum: On January 8, 1988, the County of Erie sent a notice of foreclosure of tax liens by certified mail, return receipt requested, to petitioner at his home address. The United States Postal Service attempted two deliveries of the letter. On each occasion a notice was left informing the addressee that a certified letter addressed to him could be claimed at a designated post office. The unclaimed letter was returned to the county on January 23, 1988. On June 9, 1988, the county conducted an in rem tax foreclosure sale of two properties owned by petitioner. Petitioner commenced this proceeding to set aside and vacate the judgment of foreclosure and sale of his properties, alleging that he never received notice. He asserted that the county did not comply with the notice provision of the Erie County Tax Act (art XI, § 11-13.0) because it mailed the notice of foreclosure of tax liens by certified mail rather than by ordinary mail. Petitioner did not assert that he never received the notices regarding the certified letter that were left at his home address. Moreover, he has not asserted a constitutional due process challenge to the notice provisions of the Erie County Tax Act. In other words, petitioner has not contended that the mode of mailing used by the county was not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" *(Mullane v Central Hanover Trust Co.,* 339 US 306,

314; *see, Mennonite Bd. of Missions v Adams,* 462 US 791, 799). The court dismissed the petition and we now affirm.

The sole issue raised by petitioner is whether the county complied with the notice requirements of its Tax Act when it sent the notice of the tax foreclosure by certified mail, return receipt requested. The Erie County Tax Act (art XI, § 11-13.0) requires that a copy of the notice shall "be mailed to the last known address of each owner of property affected thereby". The Act does not mandate a specific mode of mailing the notice to property owners. We conclude, therefore, that the manner of mailing used by the county constituted compliance with the Act.

The dissent is grounded on a constitutional due process argument that was never raised by petitioner and, therefore, is not properly before us *(see, Tumolillo v Tumolillo,* 51 NY2d 790; *Arvantides v Arvantides,* 106 AD2d 853, 854, *mod* 64 NY2d 1033; *City of Rochester v Chiarella,* 86 AD2d 110, *affd* 58 NY2d 316; *Marine Midland Bank-Central v Gleason,* 62 AD2d 429, *affd* 47 NY2d 758; 4 NY Jur 2d, Appellate Review, § 117). Nonetheless, in our view, the method of mailing the notice of foreclosure used here by the county not only complied with the Act, but was a method "reasonably calculated" to apprise property owners of the pendency of the foreclosure action. The constitutional command for due process requires no more. Personal notice is always adequate, but it is not indispensable in all circumstances. Due process requires only that the notice be appropriate to the nature of the case without creating impossible or impracticable obstacles to concluding the proceedings *(see, Mullane v Central Hanover Trust Co., supra,* at 313).

All concur, except Green, J., who dissents and votes to reverse, in the following memorandum.

Green, J. (dissenting). The sole issue presented is whether the County Attorney properly served petitioner with a notice of tax foreclosure. The Erie County Tax Act (art XI, § 11-13.0) requires "such notice to be mailed to the last known address of each owner of property affected thereby." The County Attorney sent the notice by certified mail, return receipt requested on January 8 and 13, 1988. On January 23rd the return receipt was returned to the county as undelivered and unclaimed. Petitioner did not discover that the property was sold at a tax foreclosure sale until after the sale occurred. Petitioner commenced the instant proceeding to vacate the sale alleging that he never received the notice and that if he

had he would have paid the tax arrears. County Court erred in dismissing the petition.

Due process of law requires that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" *(Mullane v Central Hanover Trust Co.,* 339 US 306, 314). This requirement applies to in rem tax foreclosure actions *(see, Mennonite Bd. of Missions v Adams,* 462 US 791, 799) and the statutory requirements must be strictly honored *(see, Helterline v People,* 295 NY 245, 251). Here, the county was well aware that petitioner had not received the notices it sent. Having chosen to meet the service by mailing requirement of the local statute by resorting to the method of certified mail, return receipt requested, the county does not honor its constitutional obligation to give reasonable notice by ignoring the fact that petitioner did not actually receive the notices it sent *(cf., Bauman v Fisher,* 12 AD2d 32, 36, *lv granted* 12 AD2d 863). Under these circumstances it would not be unreasonable or impose an undue administrative burden to require that the county additionally serve petitioner by ordinary mail before irrevocably depriving petitioner of his property *(see, Tobia v Town of Rockland,* 106 AD2d 827, 829). The County Attorney's conclusory and self-serving allegation, upon information and belief, that it made such additional service, is unsatisfactory *(see, Goldstein v Edwards,* 81 AD2d 752). The Erie County Tax Act requires that proof of such a mailing be in the form of a sworn affidavit by the person who actually mailed the notice and that the affidavit be filed in the County Clerk's office. The county has not presented such proof regarding the alleged additional mailing.

Although the County Tax Act does not specify the method of mailing required, it should not be presumed that any type of mailing is sufficient, or that more than one mailing may not be required. Underlying the concept of due process of law inherent in service requirements is the notion of fundamental fairness. In my view it is fundamentally unfair to permit a municipality to proceed with the foreclosure of a taxpayer's property when it knows that the owner did not receive notice of the delinquency upon which the foreclosure sale is based. Although certified mail, return receipt requested generally may be a suitable method of service, it cannot be said on this record that such a method was "reasonably calculated" to apprise petitioner of the action when the county knew for a fact that petitioner was not so apprised. Accordingly, the

judgment should be reversed and the petition to vacate and set aside the tax foreclosure sale must be granted. (Appeal from judgment of Erie County Court, La Mendola, J.—set aside in rem tax foreclosure.) Present—Dillon, P. J., Callahan, Boomer, Green and Davis, JJ.