■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO NIEVES PEREZ, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of felony murder in the second degree and one count each of burglary in the first degree and robbery in the first degree, stemming from the strangulation of an elderly woman in her home and the theft of her jewelry. Defendant contends that he was denied his right to the effective assistance of counsel because his trial counsel failed to challenge the search warrant on a number of different grounds. We disagree. Defendant has failed "to demonstrate the absence of strategic or other legitimate explanations" for his trial counsel's failure to challenge the search warrant on these grounds (People v Rivera, 71 NY2d 705, 709).

We have examined defendant's remaining contentions on appeal and find them either unpreserved or lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Morton, J.—murder, second degree, and other charges.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.

■ KAHRE-RICHARDS FAMILY FOUNDATION, INC., et al., Respondents, v VILLAGE OF BALDWINSVILLE et al., Appellants.—Judgment unanimously reversed on the law without costs and complaint reinstated. Memorandum: The trial court erred in holding that actual receipt of a notice to redeem by a real property owner is required for compliance with RPTL 1464 (1). Because defendant Robroy's certified mailing of the notice to redeem to plaintiffs complied with RPTL 1464 (1) and is a method "reasonably calculated" to apprise the property owners in this tax foreclosure proceeding of their right to redeem their property, the requirements of due process have been met (see, Harville v County of Erie, 148 AD2d 954). (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—determination of adverse claims to real property.) Present—Callahan, J. P., Denman, Pine and Lawton, JJ.