■ JOSEPH FACCHIN, Appellant, v PETER A. PEKICH, Respondent, et al., Defendants. [648 NYS2d 928] —In an action to determine adverse claims to real property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated September 19, 1995, which, upon an order granting the motion of the defendant Peter A. Pekich for summary judgment, dismissed the complaint, granted judgment in favor of Pekich on his counterclaim, and declared Pekich to be the owner of the real property in question

Ordered that the judgment is affirmed, with costs.

The counterclaiming defendant Peter A. Pekich submitted proof that a notice to redeem was mailed to an appropriate address by certified mail, return receipt requested, on November 21, 1991. This proof includes a "domestic return receipt" reflecting delivery of the notice to redeem to the address in question on November 25, 1991. The plaintiff claims that the signature on the postal receipt is not his, and denies ever having received the notice to redeem.

We agree with the Supreme Court that there is no issue of fact which requires a trial. Service of the notice was in accordance with the provisions of the governing local law, and this local law complies with due process (*see*, Nassau County Administrative Code § 5-51.0; *see also, Matter of Beckman v Greentree Sec.*, 87 NY2d 566; *Kahre-Richards Family Found. v Village of Baldwinsville*, 152 AD2d 920; *Harville v County of Erie*, 148 AD2d 954; *Weinstein v All State Credit Corp.*, 34 AD2d 971, *revd on other grounds* 31 NY2d 835; *Schwartz v Armour Fertilizer Works*, 16 AD2d 947). Mangano, P. J., Rosenblatt, Sullivan and Hart, JJ., concur.