■ In the Matter of FORECLOSURE OF TAX LIENS. JOHN P. JENSEN et al., Appellants; COUNTY OF ERIE et al., Respondents. (Appeal No. 1.) [718 NYS2d 517] —Order unanimously affirmed without costs. Memorandum: County Court properly denied the application, *inter alia,* to vacate a judgment of foreclosure and set aside the Referee's sale of property owned by petitioners John P. Jensen and Michael P. Barnett and encumbered by a mortgage held by petitioner Jennie Lucci. Petitioners concede that respondent County of Erie (County) complied with the Erie County Tax Act (ECTA) notice provisions (ECTA §§ 11-13.0, 11-14.0), but contend that they were denied their constitutional right to due process. We disagree.

"[P]rior to an action which will affect an interest * * * in

property protected by the Due Process Clause of the Fourteenth Amendment," notice of such an action must be provided to any person with an interest in the property (*Mennonite Bd. of Missions v Adams*, 462 US 791, 795). Such notice is sufficient if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314; *see, Mennonite Bd. of Missions v Adams, supra*, at 795; *see also, Matter of McCann v Scaduto*, 71 NY2d 164, 173). In a tax lien sale such as this, due process requires actual notice "where the interest of a property owner will be substantially affected by an act of government, and where the owner's name and address are known" (*Matter of McCann v Scaduto, supra*, at 176; *see also, Congregation Yetev Lev D'Satmar v County of Sullivan*, 59 NY2d 418, 425). However, "[d]ue process requires only that the notice be appropriate to the nature of the case without creating impossible or impractical obstacles to concluding the proceedings" (*Congregation Yetev Lev D'Satmar v County of Sullivan, supra*, at 423; *see, Harville v County of Erie*, 148 AD2d 954, 955).

With respect to the County's notice to Jensen and Barnett, it is undisputed that the notice sent to the last address listed on the tax assessment roll for them was returned to the County. Although the County had several other addresses listed for the owners, there was no indication that the County had actual knowledge of the correct address (*cf., Matter of Foreclosure of Tax Liens by County of Erie*, 225 AD2d 1089, *appeal dismissed* 88 NY2d 932, *lv dismissed* 88 NY2d 1062, *rearg denied* 89 NY2d 917). With respect to the County's notice to Lucci, it is undisputed that Lucci did not file an address with the County when she filed the assignment of the mortgage. Lucci has the same last name as the original mortgagor and had been the co-executor of his estate, and in an effort to notify Lucci the County sent the notice to the original mortgagee's address, which was the only address listed for the original mortgagor. We conclude that the County's notice was "reasonably calculated" to apprise Lucci of the action and afford her an opportunity to present any objections (*Mullane v Central Hanover Bank & Trust Co., supra*, at 314; *cf., Mennonite Bd. of Missions v Adams, supra*, at 795). (Appeals from Order of Erie County Court, DiTullio, J.—Vacate Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.