■ CITIBANK (NEW YORK STATE), Appellant, v DIANE M. TEBSHERANY et al., Respondents. [763 NYS2d 184] —Appeal from those parts of an order of Supreme Court, Oneida County (Ringrose, J.), entered July 24, 2002, that, inter alia, denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced an action pursuant to

article 15 of the Real Property Actions and Proceedings Law seeking to compel the determination of its claim to a parcel of real property. Plaintiff held a purchase money mortgage encumbering property purchased by defendant Diane M. Tebsherany and another individual in 1988. It is undisputed that the mortgage was duly recorded in the Oneida County Clerk's Office. Plaintiff, however, was not listed as a mortgagee on the tax assessment rolls for defendant City of Utica (City). The City sold the property at a tax lien foreclosure sale on March 31, 1999 for nonpayment of taxes for the 1998-1999 tax year. Plaintiff was not given notice of the sale. Thereafter, the certificate of sale was assigned to defendant Community Bank, N.A. FBO Robert D. Bedell IRA/SEP (Bedell). On April 6, 2000, Bedell mailed a notice to redeem the property to plaintiff at the Syracuse address listed on the recorded mortgage. The notice to redeem advised plaintiff that July 7, 2000 was the last day on which to redeem the property. The notice was returned to Bedell on April 11, 2000 as "undeliverable" because plaintiff no longer had a place of business at that address. Bedell thereafter mailed a notice to plaintiff's address in St. Louis, Missouri, but plaintiff contends that it did not receive the notice. Upon application of Bedell, the City deeded the property to defendant Branjen Holdings, Inc. on July 11, 2000. Plaintiff, which had commenced a foreclosure action in April 2000, did not learn until August 2000 that the property had been sold at a tax lien foreclosure sale in March 1999.

Supreme Court properly denied the motion of plaintiff seeking, inter alia, summary judgment vacating the tax lien foreclosure and the tax sale deeds and granted the cross motion of Bedell, Branjen Holdings, Inc., Diane Quadraro-Kain, Shawn M. Kain and Venderbilt Mortgage and Finance, Inc. (defendants) seeking summary judgment confirming the validity of the tax lien foreclosure and tax sale deeds and dismissing the complaint. Contrary to the contention of plaintiff, it was not denied due process because the City did not provide it with notice of the tax lien foreclosure sale. Pursuant to Utica City Code § 8.031 (c), notice of a tax foreclosure sale must be "sent by first class mail to the names and addresses of the owners and mortgagees, *as shown on the [tax] assessment roll*, of each parcel to be sold" (emphasis added). Plaintiff failed to exercise its right to file a declaration of interest with the City (*see* RPTL 1126) and thus was not shown on the tax assessment roll of the subject parcel. Where, as here, the Utica City Code has a specific notice provision, that provision supersedes the notice requirement set forth in RPTL 1125 (1), requiring the taxing authority to provide notice of the pending tax lien foreclosure

sale to, inter alia, a mortgagee whose right, title or interest in the property is a matter of public record (*see Matter of McCann v Scaduto,* 71 NY2d 164, 171 n 2 [1987]; *see also* RPTL 2006; *Weigner v City of New York,* 852 F2d 646, 651-652 [1988], *cert denied* 488 US 1005 [1989]; *cf. Mennonite Bd. of Missions v Adams,* 462 US 791, 798 [1983]). We conclude that the City complied with due process requirements by providing notice to interested parties of the pending sale pursuant to its City Code.

Contrary to the further contention of plaintiff, its alleged failure to receive the notice of redemption does not amount to a denial of due process. By submitting the affidavits of service of Bedell stating that he mailed the notice of redemption to plaintiff at two addresses, defendants established that the notice of redemption was sent to plaintiff in compliance with defendants' due process obligations (*see generally Kennedy v Mossafa,* 100 NY2d 1, 8 [2003]; *Matter of Foreclosure of Tax Liens,* 278 AD2d 814, 815 [2000]). "[P]laintiff's denial of receipt of the notice, standing alone, is insufficient to rebut the presumption that the notice was received by plaintiff" (*Best v City of Rochester,* 195 AD2d 1073, 1074 [1993]; *see* RPTL 1136 [3]; *Sendel v Diskin,* 277 AD2d 757, 758-759 [2000], *lv denied* 96 NY2d 707 [2001]). We have reviewed plaintiff's remaining contention and conclude that it is without merit. Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.