■ LAWRENCE ROBERT EUELL, Respondent, v INCORPORATED VILLAGE OF HEMPSTEAD, Appellant, et al., Defendant. [871 NYS2d 224]—

The plaintiff was exhibiting abnormal signs of behavior, including, but not limited to, hallucinations and delusions. The plaintiff's mother called the police to the plaintiff's home in Hempstead, and informed the police that the plaintiff suffered from a mental illness and that he ingested an entire bottle of pills. The police tried to restrain the plaintiff by administering electroshock with a taser three times. However, they were unsuccessful and the plaintiff escaped to his bedroom where he set the room on fire. He was subsequently indicted for arson.

The plaintiff commenced this action against the Incorporated Village of Hempstead (hereinafter the Village) alleging, inter alia, that the police officers had assumed a special duty toward him and were liable for the injuries he sustained from the fire.

The Village moved to dismiss the complaint for failure to state a cause of action. "It is well settled that on a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts alleged in the complaint to be

true and according the plaintiff the benefit of every possible favorable inference" (*Jacobs v Macy's E.*, 262 AD2d 607, 608 [1999]). "[W]here evidentiary material is adduced in support of the motion, the court must determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one" (*Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530, 530 [2007]; *see Meyer v Guinta*, 262 AD2d 463 [1999]).

Here, the Village submitted an attorney's affirmation, deposition testimony of the plaintiff, the plaintiff's indictment, and the plaintiff's arrest report which documented that the plaintiff voluntarily ingested the bottle of pills and set his room on fire.

"As a general rule, a public entity is immune from negligence claims arising out of the performance of its governmental functions, including police and fire protection, unless the injured person establishes a special relationship with the public entity which would create a special duty of protection with respect to that individual" (*Sandstrom v Rodriguez*, 221 AD2d 513, 514 [1995]).

To establish a special relationship, a plaintiff must demonstrate "(1) an assumption by a municipality, through promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of a municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Kovit v Estate of Hallums*, 4 NY3d 499, 506-507 [2005]; *see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

Here, the plaintiff did not rely on any promise of protection from the police (*see Kircher v City of Jamestown*, 74 NY2d 251 [1989]). Moreover, there was no basis for the police to have realized that their failure to move more expeditiously or violently to detain the plaintiff could lead to the harm that occurred. Although there was direct contact between the police and the plaintiff, it was not of a kind that meaningfully alerted them to his intent to set fire to his room (*see Laratro v City of New York*, 8 NY3d 79 [2006]).

Accordingly, the Supreme Court erred in denying the Village's motion to dismiss the complaint insofar as asserted against it. Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.