CIVIL PROCESS SERVICES, Respondent, v S.C.M. REALTY Co., LLC., Appellant, et al., Defendants. [898 NYS2d 476]—In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendant S.C.M. Realty Co., LLC, appeals from (1) an order of the Supreme Court, Nassau County (McCarty, J.), entered July 8, 2009, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court entered August 7, 2009, which, upon the order, is in favor of the plaintiff and against it adjudging, inter alia, that the plaintiff is the owner in fee simple absolute of the subject realty.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed as the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Perfito v Einhorn*, 62 AD3d 846, 847 [2009]).

The plaintiff made a prima facie showing that its service of a notice to redeem the subject property upon the appellant was in accordance with Nassau County Administrative Code § 5-51.0 (c), and constitutional requirements of due process (*see Matter of Harner v County of Tioga*, 5 NY3d 136 [2005]; *Temple Bnai Shalom of Great Neck v Village of Great Neck Estates*, 32 AD3d 391 [2006]; *Facchin v Pekich*, 232 AD2d 447 [1996]; *Blum v Stone*, 127 AD2d 549 [1987]; *cf. Jones v Flowers*, 547 US 220 [2006]). In opposition, the appellant failed to raise a triable is-

sue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment and denied the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Florio, Miller and Eng, JJ., concur.