■ MARK MAHERAS et al., Respondents, v AYAZ AWAN et al., Appellants, et al., Defendants. [9 NYS3d 1]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered January 23, 2014, which, insofar as appealed from as limited by the briefs, denied defendants Ayaz Awan and

New York Best Development, Inc.'s motion to dismiss plaintiffs Mark Maheras and Dana Whittle's claims, unanimously affirmed, without costs.

In 2007, plaintiffs Maheras and Whittle, husband and wife, purchased a brownstone located in Manhattan for $2.3 million. They hired defendants Ayaz Awan and his construction company, New York Best Development, Inc. (NYB), to perform a gut renovation of the brownstone.

In October 2008, in connection with the renovation, Awan loaned plaintiffs $73,850 pursuant to a promissory note. After making $12,000 in payments to Awan on the note, plaintiffs refused to make further payments. Awan then sued them to recover on the note and moved for summary judgment in lieu of a complaint. In opposition, plaintiffs argued that they were not required to make any further payments because defendants negligently performed the work and because Awan engaged in fraud in inducing plaintiffs to contract with NYB.

In September 2010, Supreme Court granted Awan summary judgment and ordered plaintiffs to pay the outstanding amount owed under the note. On December 6, 2010, plaintiffs filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. They did not identify any legal claim against defendants in connection with the renovation project as an asset in their bankruptcy filings. Plaintiffs were discharged from bankruptcy in March 2011, and the proceeding was closed in July 2011.

In December 2011, plaintiffs commenced this action, alleging negligence, breach of contract, tortious conduct, fraud, and deceit in connection with the renovation of the brownstone, and seeking damages of not less than $1,000,000. In their answer to the complaint, defendants asserted the affirmative defense that plaintiffs lack standing and capacity to maintain the claims because they were not listed as assets of the bankruptcy estate.

On September 6, 2013, defendants moved to dismiss the complaint for lack of standing. On October 1, 2013, plaintiffs moved to reopen the bankruptcy proceeding to amend the schedule of assets to include their claims in the instant action, noting that they learned in August 2013 that the claims were not listed on the schedules and, as a result, remained property of the bankruptcy estate. On October 23, 2013, the bankruptcy court granted the motion and amended the schedule, and on October 31, 2013, the trustee in bankruptcy submitted a notice of its intent to abandon the claims. On December 30, 2013, the bankruptcy court issued an order ruling that the bankruptcy estate's interest in the claims were abandoned to plaintiffs.

Supreme Court denied defendants' motion to dismiss plaintiffs' claims for lack of standing, finding that in light of the bankruptcy court order granting the trustee's notice of abandonment of the claims, "the asset reverts and re-vests to [plaintiffs] as if the trustee never held ownership of the asset." On appeal, defendants argue that Supreme Court erred in failing to dismiss the complaint, contending that the subsequent reversion of the claims to plaintiffs upon the trustee's abandonment did not cure plaintiffs' lack of standing at the time the claims were asserted. We disagree.

We reject defendants' assertion that plaintiffs' premature filing of their complaint is a bar to their continuation of the present action. When the trustee abandons estate property, the property stands as if no bankruptcy had been filed and the debtor enjoys the same claim to it as he held before the filing of the bankruptcy (*In re Ira Haupt & Co.*, 398 F2d 607, 613 [2d Cir 1968]; *Wallace v Lawrence Warehouse Co.*, 338 F2d 392, 394 n [9th Cir 1964]; *Rosenblum v Dingfelder*, 111 F2d 406, 409 [2d Cir 1940]). To hold otherwise would create the inequitable result of extinguishing plaintiffs' claims even though the trustee does not intend to pursue them. Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Gische, JJ.