In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for violation of the constitutional right to due process, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 12, 2016, which granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff alleges that she had been in possession and control of real property in Queens, owned by an estate of which she was the heir, when a stranger to the plaintiff filed a fraudulent deed with the New York City Department of Finance, Office of the City Register, purporting to transfer the property to himself, and then moved into the premises. The plaintiff succeeded in quieting title to the subject premises in a civil action and regaining possession through an eviction proceeding. The plaintiff subsequently commenced this action against the City of New York and other municipal defendants (hereinafter collectively the City), alleging negligence and that the City was liable under 42 USC § 1983 for violation of the plaintiff’s due process rights. The City moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court granted that branch of the motion, and the plaintiff appeals.
 

 As to the causes of action alleging negligence, the Supreme Court correctly concluded that the plaintiff failed to adequately allege a special duty owed to her by the City. As relevant here, a special duty exists when the City “voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty” (Pelaez v Seide, 2 NY3d 186, 199 [2004]; see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 [2013]; Laratro v City of New York, 8 NY3d 79, 83 [2006]; Cuffy v City of New York, 69 NY2d 255, 260 [1987]). Here, the plaintiff failed to allege any particular act or promise on the part of the City, direct contact between the plaintiff and a City agent, or justifiable reliance by the plaintiff on any act or promise by the City (see Lauer v City of New York, 95 NY2d 95, 102-103 [2000]; see also McLean v City of New York, 12 NY3d 194 [2009]). Accordingly, the plaintiff failed to state causes of action alleging negligence against the City (see McLean v City of New York, 12 NY3d at 198; Lauer v City of New York, 95 NY2d at 100; Rennix v Jackson, 152 AD3d 551 [2017]).
 

 The plaintiff also failed to state a cause of action pursuant to 42 USC § 1983 for violation of her due process rights. “[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property” (Daniels v Williams, 474 US 327, 328 [1986]). Since the plaintiff only alleged such negligent conduct on the part of the City, the Supreme Court properly directed dismissal of the cause of action pursuant to section 1983.
 

 In light of our determination, we need not reach the parties’ remaining contentions.
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.