Allied Safe Corp. v Pekich (2019 NY Slip Op 03940)





Allied Safe Corp. v Pekich


2019 NY Slip Op 03940


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-03516
 (Index No. 7061/16)

[*1]Allied Safe Corporation, etc., appellant,
v
Peter Pekich, etc., respondent.


Marcote & Associates, P.C., Hicksville, NY (Louis F. Chisari of counsel), for appellant.
Howard B. Arber, Hempstead, NY, for respondent.



DECISION & ORDER
In an action for a judgment declaring that a deed executed by the Nassau County Treasurer conveying certain real property from the plaintiff to the defendant is null and void, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandeveen, J.), entered March 2, 2017. The order, in effect, denied the plaintiff's motion, inter alia, in effect, for summary judgment declaring the subject deed null and void, and granted the defendant's cross motion for summary judgment on his second counterclaim, which sought a judgment declaring that the defendant is the owner of the subject property.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant is the owner of the subject property.
The plaintiff, which owned certain commercial real property in Seaford (hereinafter the property), commenced this action seeking a judgment declaring null and void a deed dated September 15, 2015, executed by the nonparty Nassau County Treasurer, conveying the property to the defendant (hereinafter the deed). The plaintiff alleged, inter alia, that the defendant's service of a notice to redeem the property upon the plaintiff was not in accordance with Nassau County Administrative Code § 5-51.0(c) and constitutional requirements of due process.
The plaintiff moved for various relief, including, in effect, summary judgment declaring the deed null and void. The defendant cross-moved for summary judgment on his second counterclaim, which sought a judgment declaring that the defendant is the owner of the property. By order entered March 2, 2017, the Supreme Court granted the defendant's cross motion, and, in effect, denied the plaintiff's motion.
The defendant made a prima facie showing that his service of a notice to redeem the property upon the plaintiff was in accordance with Nassau County Administrative Code § 5-51.0(c) and constitutional requirements of due process (see Matter of Harner v County of Tioga, 5 NY3d 136; Temple Bnai Shalom of Great Neck v Village of Great Neck Estates, 32 AD3d 391; Matter of [*2]County of Clinton [Bouchard], 29 AD3d 79; Facchin v Pekich, 232 AD2d 447). In opposition, the plaintiff failed to raise a triable issue of fact (see Civil Process Servs. v S.C.M. Realty Co., LLC, 72 AD3d 728). Accordingly, we agree with the Supreme Court's determination to grant the defendant's cross motion for summary judgment on his second counterclaim, which sought a judgment declaring him to be the owner of the property. For the same reasons, we agree with the court's determination, in effect, to deny the plaintiff's motion, inter alia, in effect, for summary judgment declaring the deed null and void.
The plaintiff's remaining contentions are without merit.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant is the owner of the subject property (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court