Sloninski v City of New York (2019 NY Slip Op 04440)





Sloninski v City of New York


2019 NY Slip Op 04440


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-01136
 (Index No. 1398/17)

[*1]Leonard Sloninski, appellant, 
v
City of New York, respondent.


Leonard Sloninski, New York, NY, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Antonella Karlin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for nuisance and, in effect, to review a determination of the New York City Office of Administrative Trials and Hearings dated December 14, 2016, dismissing a notice of violation issued to nonparty 155 Meserole, LLC, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 8, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On January 27, 2016, the New York City Department of Buildings (hereinafter the DOB) issued a notice of violation to nonparty 155 Meserole, LLC, the owner of certain real property adjacent to the plaintiff's property, for the installation of windows in violation of Administrative Code of the City of New York § 28-105.1. On March 30, 2016, after a hearing, the New York City Environmental Control Board dismissed the notice of violation. Thereafter, the DOB appealed the determination, and the New York City Office of Administrative Trials and Hearings (hereinafter OATH) vacated the determination and remitted the matter for a new hearing. On December 14, 2016, following a hearing, the OATH issued a "Superseding Decision," which dismissed the notice of violation.
On April 19, 2017, the plaintiff commenced this action against the City of New York, inter alia, to recover damages for nuisance, and, in effect, to review the determination dated December 14, 2016. The plaintiff alleged, among other things, that the windows installed in the neighboring property interfered with the use and enjoyment of his property, that the determination to dismiss the notice of violation was "arbitrary and capricious," and that the determination was the result of the City's negligent conduct. Thereafter, the City moved pursuant to CPLR 3211(a) to dismiss the complaint. The City argued, inter alia, that the action should have been brought as a CPLR article 78 proceeding because the plaintiff was "challenging the determination of an administrative agency," and that the plaintiff lacked standing to bring such a proceeding. The City also contended that the complaint failed to state a cause of action for negligence or nuisance. In an order dated December 8, 2017, the Supreme Court granted the City's motion to dismiss the complaint. The plaintiff appeals.
To the extent the complaint sought to review the administrative determination dated December 14, 2016, dismissing the notice of violation, that request for relief should have been made in a proceeding pursuant to CPLR article 78 (see St. John's Riverside Hosp. v City of Yonkers, 151 AD3d 786, 788; Dolce-Richard v New York City Health & Hosps. Corp., 149 AD3d 903, 904). The plaintiff's challenge to the administrative determination was time-barred under the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78 (see Weslowski v Zugibe, 167 AD3d 972, 974; St. John's Riverside Hosp. v City of Yonkers, 151 AD3d at 786; Global Revolution TV v Thames St Lofts, LLC, 140 AD3d 1016). In any event, the plaintiff's conclusory allegations that the installation of windows at the neighboring property interfered with the use and enjoyment of his property and diminished the value of his property were insufficient to establish his standing to bring a CPLR article 78 proceeding to challenge the determination (see Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington, 57 AD3d 683).
Contrary to the plaintiff's contention, he failed to state a cause of action to recover damages for negligence. "On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 829 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88). "When a cause of action alleging negligence is asserted against a municipality, and the municipality is exercising a governmental function, the plaintiff must first demonstrate that the municipality owed a special duty to the injured person" (Axt v Hyde Park Police Dept., 162 AD3d 728, 730; see Valdez v City of New York, 18 NY3d 69, 75). "As relevant here, a special duty exists when the City voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty'" (Merin v City of New York, 154 AD3d 928, 929, quoting Pelaez v Seide, 2 NY3d 186, 199). The plaintiff failed to allege any particular action or promise on the part of the City to act on behalf of the plaintiff, or justifiable reliance by the plaintiff on any act or promise by the City (see City of Albany v Normanskill Cr., LLC, 165 AD3d 1437, 1438-1439; Merin v City of New York, 154 AD3d at 929; Euell v Incorporated Vil. of Hempstead, 57 AD3d 837, 838).
Furthermore, contrary to the plaintiff's contention, he failed to state a cause of action to recover damages for nuisance. "The elements of a private nuisance cause of action are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act'" (Taggart v Costabile, 131 AD3d 243, 247, quoting Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570). Here, the plaintiff's conclusory allegations that the City created a nuisance, which interfered with his use and enjoyment of his property, were insufficient to state a cause of action alleging nuisance (see Schlossberg v DeFalco, 163 AD3d 886, 888; Wheeler v Del Duca, 151 AD3d 1005, 1006; McNeary v Niagara Mohawk Power Corp., 286 AD2d 522, 525).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant the City's motion pursuant to CPLR 3211(a) to dismiss the complaint.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court