IM Long Is., LLC v Jefferson (2019 NY Slip Op 07949)





IM Long Is., LLC v Jefferson


2019 NY Slip Op 07949


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-00061 
2018-01138
2018-07255
 (Index No. 2924/17)

[*1]In the Matter of IM Long Island, LLC, petitioner-respondent,
v
Beaumont A. Jefferson, etc., respondent, T11 Funding, appellant.


William Yurus, Pleasantville, NY, for appellant.
Blank Rome LLP, New York, NY (Timothy W. Salter and Wayne Streibich, pro hac vice, of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Treasurer dated May 25, 2017, approving the issuance of a tax deed conveying certain real property owned by the petitioner to T11 Funding, T11 Funding appeals from (1) an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered October 19, 2017, (2) a judgment of the same court entered November 21, 2017, and (3) an amended judgment of the same court entered March 7, 2018. The order, insofar as appealed from, granted that branch of the petition which was to set aside the determination. The judgment, upon the order, set aside the tax deed and restored title to the property to the petitioner. The amended judgment, upon the order, set aside the recorded tax deed and restored title to the property to the petitioner.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,
ORDERED that the amended judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the intermediate order must be dismissed because an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701[b][1]; Matter of Yonkers Firefighters v City of Yonkers, 165 AD3d 815; Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1398), and any possibility of taking a direct appeal therefrom terminated with the entry of the amended judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248; Matter of Yonkers Firefighters v City of Yonkers, 165 AD3d 815). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501[a][1]).
Nassau County Administrative Code § 5-51.0 requires the owner of a tax lien to serve the owner of the property, as well as other interested parties, with a notice to redeem as a prerequisite to obtaining a tax deed. We agree with the Supreme Court's determination to set aside a tax deed dated May 25, 2017, by which the Nassau County Treasurer conveyed certain real property to the appellant. The appellant failed to serve IM Long Island, LLC (hereinafter IM Long Island), the owner of the subject property, with the notice to redeem upon which the appellant's application for the tax deed was based. Although IM Long Island's business address is 136 East 57th St., the notice to redeem that formed the basis of the application for the tax deed was sent to 136 West 57th St. Accordingly, the Nassau County Treasurer's determination approving the issuance of the tax deed was "affected by an error of law" (CPLR 7803[3]), and we agree with the court's determination to set aside the tax deed (cf. Allied Safe Corp. v Pekich, 172 AD3d 1144, 1145-1146; Civil Process Servs. v S.C.M. Realty Co., LLC., 72 AD3d 728, 728-729).
The appellant's remaining contention is without merit.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court