Cruz v City of New York (2022 NY Slip Op 07435)

Cruz v City of New York

2022 NY Slip Op 07435

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-10419
 (Index No. 15569/14)

[*1]Tynisha Rene Cruz, etc., appellant,
v
City of New York, et al., respondents.

Jeffrey J. Shapiro & Associates, LLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Diana Lawless of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 8, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, alleging that the defendants were negligent in responding to a 911 call and in rendering treatment to the plaintiff's decedent. In November 2018, the defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that the plaintiff failed to allege that the defendants owed a special duty to the decedent. The Supreme Court granted that branch of the motion. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in a complaint as true, accord the plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142).
"When a municipality provides ambulance service by emergency medical technicians in response to a 911 call for assistance, it performs a governmental function and cannot be held liable unless it owed a 'special duty' to the injured party" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 423-424). Such a special duty can arise if "(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owned to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition" (id. at 426; see Ferreira v City of Binghamton, 38 NY3d 298, 312-313).
Here, the plaintiff's notice of claim, complaint, and bill of particulars did not allege the existence a special duty (see Lauer v City of New York, 95 NY2d 95, 102-103; Estate of M.D. v State of New York, 199 AD3d 754, 757; cf. Watts v City of New York, 186 AD3d 1577, 1578; Marks-Barcia v Village of Sleepy Hollow Ambulance Corps, 183 AD3d 883, 885; Sutton v City of New York, 119 AD3d 851, 852-853). In an order dated May 30, 2018, the Supreme Court noted that the plaintiff "plan[ned] to amend [the] complaint to set forth [a] special duty owed to the decedent." However, the record does not indicate that the court granted the plaintiff leave to serve the purported amended complaint, which is dated December 17, 2018, and was served in March 2019, in opposition to the defendants' motion (see CPLR 3025[b]; Achee v Merrick Vil., Inc., 208 AD3d 542, 542-543).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court