Jacob Post, Inc. v Samuel Hampton, LLC (2023 NY Slip Op 02301)

Jacob Post, Inc. v Samuel Hampton, LLC

2023 NY Slip Op 02301

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-08090
 (Index No. 609514/17)

[*1]Jacob Post, Inc., appellant,
v
Samuel Hampton, LLC, respondent.

La Reddola Lester & Associates, LLP, Garden City, NY (Steven M. Lester and Thomas A. Catinella of counsel), for appellant.
Levy & Levy, Great Neck, NY (Joshua Levy of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that a tax deed executed by the Nassau County Treasurer conveying certain real property from the plaintiff to the defendant is null and void, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered September 21, 2020. The order granted the defendant's motion for summary judgment, in effect, declaring that the tax deed is valid and denied the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the tax deed conveying the real property at issue from the plaintiff to the defendant is valid.
The plaintiff, the owner of certain commercial real property in Freeport (hereinafter the property), commenced this action for a judgment declaring that a tax deed dated August 24, 2017, executed by the Nassau County Treasurer, conveying the property to the defendant (hereinafter the tax deed) is null and void. The plaintiff alleged, inter alia, that the defendant's service of a notice to redeem the property failed to comply with Nassau County Administrative Code § 5-51.0(c).
The defendant moved for summary judgment, in effect, declaring that the tax deed is valid. The plaintiff then cross-moved for leave to amend the complaint to add, inter alia, the occupant of the property as a plaintiff and to assert causes of action sounding in unjust enrichment. By order entered September 21, 2020, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
The defendant made a prima facie showing that its service of a notice to redeem the property upon the plaintiff was in accordance with Nassau County Administrative Code § 5-51.0(c), and the constitutional requirements of due process (see Allied Safe Corp. v Pekich, 172 AD3d 1144, 1145; Civil Process Servs. v S.C.M. Realty Co., LLC., 72 AD3d 728). In opposition, the plaintiff failed to raise a triable issue of fact (see Allied Safe Corp. v Pekich, 172 AD3d at 1145; Civil Process Servs. v S.C.M. Realty Co., LLC., 72 AD3d at 728-729). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment, in effect, declaring that the tax deed is valid.
Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (see Davydov v Youssefi, 205 AD3d 881, 883; Estate of M.D. v State of New York, 199 AD3d 754, 758). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion for leave to amend the complaint. The proposed amendment was patently devoid of merit since it sought to add causes of action on behalf of an entity barred by judicial estoppel from pursuing a claim in this matter (see Flanders v E.W. Howell Co., LLC, 193 AD3d 822, 823; Moran Enters., Inc. v Hurst, 160 AD3d 638, 639).
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the tax deed conveying the property from the plaintiff to the defendant is valid (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court