Geltzer v City of New York (2025 NY Slip Op 02191)

Geltzer v City of New York

2025 NY Slip Op 02191

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-01694
 (Index No. 19145/11)

[*1]Robert Geltzer, etc., plaintiff, Charles McLain, plaintiff-appellant, 
v
City of New York, et al., respondents; Debra McLain, nonparty-appellant.

Fredric M. Gold, P.C., New York, NY (Philip J. Dinhofer of counsel), for plaintiff-appellant and nonparty-appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Chase Henry Mechanick and MacKenzie Fillow of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Debra McLain and the plaintiff Charles McLain appeal from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated December 21, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant New York City Department of Education.
ORDERED that the appeal by the plaintiff Charles McLain is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the appeal by nonparty Debra McLain from so much of the order as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted by the plaintiff Charles McLain against the defendant New York City Department of Education is dismissed, as nonparty Debra McLain is not aggrieved by that portion of the order (see Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed on the appeal by nonparty Debra McLain; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In June 2010, nonparty Debra McLain, then a teacher at a Brooklyn middle school, allegedly was assaulted by a student. After serving a timely notice of claim, Debra and her husband, the plaintiff Charles McLain (hereinafter together with Debra, the McLains), suing derivatively, commenced this action against the defendants, City of New York and New York City Department of Education (hereinafter DOE), to recover damages for personal injuries. Shortly thereafter, Debra commenced a bankruptcy proceeding pursuant to Chapter 7 of the United States Bankruptcy Code and, in this action, the trustee of the bankruptcy estate (hereinafter the trustee) was then substituted in Debra's place as a plaintiff. The defendants subsequently moved, inter alia, pursuant to CPLR [*2]3211(a) to dismiss the complaint insofar as asserted against the DOE. By order dated December 21, 2022, the Supreme Court, among other things, granted that branch of the motion. The McLains appeal.
Before considering the merits, we must address certain issues regarding appealability. In the papers submitted by the trustee in opposition to the defendants' motion, the trustee clearly stated that he only represented Debra's bankruptcy estate and was therefore not opposing the motion on behalf of Charles. Since Charles did not oppose the motion, his appeal must be dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511). In addition, Debra is not aggrieved by so much of the order as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted by Charles against the DOE (see Mixon v TBV, Inc., 76 AD3d 144, 156-157).
Contrary to the defendants' contention, however, Debra is aggrieved by so much of the order as dismissed the complaint insofar as asserted by her against the DOE. "The Bankruptcy Code broadly defines the property of a debtor to include causes of action existing at the time of the commencement of [a] bankruptcy [proceeding]. The trustee of the estate of the bankrupt is vested with title to all of the bankrupt's property as of the date of the filing of the petition, including rights and choses in action existing at that time. The trustee, however, may elect to abandon assets of the bankrupt and, following abandonment, title revests in the bankrupt" (Bromley v Fleet Bank, 240 AD2d 611, 611 [citations omitted]; see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 195-196). Here, less than a week after the Supreme Court issued its order granting the defendants' motion, the trustee filed a notice in the bankruptcy proceeding expressing his intent to abandon any interest in this action (see 11 USC § 554). The abandonment became final on January 13, 2023, at which point the trustee's interest in this action on behalf of the bankruptcy estate "revested with the debtor," Debra (Mizrahi v Flaum, 69 AD3d 589, 590; see Maheras v Awan, 127 AD3d 426, 428; Guiffrida v Storico Dev., LLC, 60 AD3d 1286, 1287). The defendants nonetheless contend that Debra is not aggrieved within the meaning of CPLR 5511, since she has not been substituted in place of the trustee as a plaintiff and is therefore a nonparty to this action. Although it perhaps would have been better practice for her to seek substitution to pursue this appeal (see Mizrahi v Flaum, 69 AD3d at 590), under the circumstances presented, we do not view her failure to do so as an impediment to aggrievement for purposes of CPLR 5511 (see Three Amigos SJL Rest., Inc. v 250 W. 43 Owner LLC, 144 AD3d 490, 490; Auerbach v Bennett, 64 AD2d 98, 103-106, mod on other grounds 47 NY2d 619, 627-629; but see Schaal v CGU Ins., 96 AD3d 1182, 1183). "[A]lthough CPLR 5511 refers to aggrieved parties, 'the statute has not been so narrowly construed' as to be limited to parties" (Mutual Benefits Offshore Fund, Ltd. v Zeltser, 172 AD3d 648, 649, quoting Auerbach v Bennett, 64 AD2d at 104; see J & A Vending v J.A.M. Vending, 303 AD2d 370, 374).
Nonetheless, contrary to Debra's contention, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by her against the DOE. "In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750). "However, allegations consisting of bare legal conclusions are not entitled to any such consideration" (Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810 [alterations and internal quotation marks omitted]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Cruz v City of New York, 211 AD3d 1011, 1011 [internal quotation marks omitted]). But "[w]hether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove [his or her] claims, of course, plays no part in the determination of a . . . motion to dismiss" (Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759 [internal quotation marks omitted]).
"When a cause of action alleging negligence is asserted against a municipality, and [*3]the municipality is exercising a governmental function, the plaintiff must first demonstrate that the municipality owed a special duty to the injured person" (Sloninski v City of New York, 173 AD3d 801, 803 [internal quotation marks omitted]; see McLean v City of New York, 12 NY3d 194, 199). Therefore, "[a] school district may not be held liable for the negligent performance of its governmental function of supervising children in its charge . . . in the absence of a special duty to the person injured" (Brumer v City of New York, 132 AD3d 795, 796). Although "a school district owes a special duty to the students themselves," that duty "does not . . . extend, as a general matter, to teachers, administrators, and other adults on or off of school premises" (Ferguson v City of New York, 118 AD3d 849, 850 [internal quotation marks omitted]). However, "[t]here are three ways in which a special [duty] with a municipal defendant can be formed with [such individuals]: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Wilson v New York City Bd. of Educ., 167 AD3d 820, 820 [internal quotation marks omitted]). "[T]he second method . . . [is] sometimes referred to as a special relationship" (Maldovan v County of Erie, 39 NY3d 166, 172 [internal quotation marks omitted]; see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426). In order to establish a special duty through the special relationship method, a plaintiff must show: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Villa-Lefler v Department of Educ. of City of N.Y., 227 AD3d 751, 752). "[T]he assurance by the municipal defendant must be definite enough to generate justifiable reliance by the plaintiff" (Wilson v New York City Bd. of Educ., 167 AD3d at 821 [internal quotation marks omitted]).
Here, contrary to Debra's contention, the alleged acts and omissions by the DOE which purportedly caused her injuries constituted governmental functions (see Bonner v City of New York, 73 NY2d 930, 932-933; Trenholm-Owens v City of Yonkers, 197 AD3d 521, 523; Ferguson v City of New York, 118 AD3d at 849-850). Nor was the special duty requirement rendered inapplicable because she asserted theories of liability beyond negligent supervision, including negligent infliction of emotional distress and negligent retention of certain DOE employees (see Bonner v City of New York, 73 NY2d at 932-933; Boyle v Brewster Cent. Sch. Dist., 209 AD3d 619, 620-621; Ronessa H. v City of New York, 101 AD3d 947, 948-949). Debra "failed to allege," among other things, "any particular action or promise on the part of the [DOE] to act on [her] behalf . . . or justifiable reliance by [her] on any act or promise by the [DOE]" (Sloninski v City of New York, 173 AD3d at 803). Since she failed to allege facts establishing or even raising an inference of the existence a special duty owed to her by the DOE, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted by Debra against the DOE (see Cruz v City of New York, 211 AD3d at 1012; Merin v City of New York, 154 AD3d 928, 929).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court