Kitt v Incorporated Vil. of Babylon (2025 NY Slip Op 05509)

Kitt v Incorporated Vil. of Babylon

2025 NY Slip Op 05509

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-00804
 (Index No. 609114/23)

[*1]Austin Kitt, appellant, 
v
Incorporated Village of Babylon, et al., respondents, et al., defendants.

Silverberg, P.C., Central Islip, NY (Karl Silverberg of counsel), for appellant.
Rawle & Henderson, LLP, New York, NY (Michael H. Zhu of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated October 10, 2023. The order, in effect, converted the motion of the defendants Incorporated Village of Babylon, Village of Babylon Building Department, and Stephen Fellman pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them into one for summary judgment dismissing the complaint insofar as asserted against them, and thereupon granted the motion, and denied the plaintiff's cross-motion for leave to amend the seventh cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, converting the motion of the defendants Incorporated Village of Babylon, Village of Babylon Building Department, and Stephen Fellman pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them into one for summary judgment dismissing the complaint insofar as asserted against them, and thereupon granting the motion, and substituting therefor a provision granting those branches of those defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging gross negligence and harassment insofar as asserted against them and denying that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligence insofar as asserted against them; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff purchased certain premises located in Babylon (hereinafter the subject premises) "as is." The defendants Incorporated Village of Babylon, Village of Babylon Building Department, and Stephen Fellman (hereinafter collectively the Village defendants) issued building permits with respect to construction at the subject premises.
In April 2023, the plaintiff commenced the instant action against, among others, the Village defendants. The plaintiff asserted causes of action against the Village defendants to recover damages for negligence, gross negligence, and harassment. The plaintiff alleged, inter alia, that the Village defendants issued building permits to him when they knew or should have known that the foundation of the subject premises was faulty and improper. The plaintiff alleged that as a result of the Village defendants' negligence, the plaintiff's home was destroyed and significant renovation work was required to bring the subject premises up to code.
The Village defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, contending, among other things, that the plaintiff had not pleaded the existence of a special relationship giving rise to a duty of care. The plaintiff cross-moved for leave to amend the seventh cause of action, alleging harassment, to reflect that the seventh cause of action was to recover damages for negligent misrepresentation. The Supreme Court, in effect, converted the Village defendants' motion into one for summary judgment dismissing the complaint insofar as asserted against them, and thereupon granted their motion, and denied the plaintiff's cross-motion. The plaintiff appeals.
The plaintiff correctly contends that the Supreme Court improperly, in effect, converted the Village defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them into one for summary judgment dismissing the complaint insofar as asserted against them without adequately notifying the parties pursuant to CPLR 3211(c) (see Fedele v Qualified Personal Residence Trust of Doris Rosen Margett, 137 AD3d 965, 966-967; Deutsche Bank Natl. Trust Co. v Kuldip, 108 AD3d 686, 687). None of the recognized exceptions to the notice requirement applied here (see Deutsche Bank Natl. Trust Co. v Kuldip, 108 AD3d at 687). Since the parties have briefed the merits of the motion on appeal, in the interests of judicial economy, this Court will determine the motion and, in so doing, apply the standards applicable to a motion to dismiss pursuant to CPLR 3211(a)(7) (see Fedele v Qualified Personal Residence Trust of Doris Rosen Margett, 137 AD3d at 967; Deutsche Bank Natl. Trust Co. v Kuldip, 108 AD3d at 687).
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 829 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "When a cause of action alleging negligence is asserted against a municipality, and the municipality is exercising a governmental function, the plaintiff must first demonstrate that the municipality owed a special duty to the injured person" (Axt v Hyde Park Police Dept., 162 AD3d 728, 730; see Valdez v City of New York, 18 NY3d 69, 75). "As relevant here, a special duty exists when the [municipality] 'voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty'" (Merin v City of New York, 154 AD3d 928, 929, quoting Pelaez v Seide, 2 NY3d 186, 199; see Sloninski v City of New York, 173 AD3d 801, 803). The plaintiff is required to prove all of the following elements to establish the existence of a special relationship: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260; see Canberg v County of Nassau, 214 AD3d 943, 945-946; Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264, 1266).
Here, construing the complaint liberally and affording the plaintiff the benefit of every possible favorable inference, it was sufficient to allege the existence of a special relationship between the plaintiff and the Village defendants. The complaint adequately alleged "direct contact" between the Village defendants and the plaintiff (Cuffy v City of New York, 69 NY2d at 260; see Santaiti v Town of Ramapo, 162 AD3d 921, 925), a particular act or promise on the part of the Village defendants, and justifiable reliance on the plaintiff's part on the particular act or promise (see Santaiti v Town of Ramapo, 162 AD3d at 925; cf. Merin v City of New York, 154 AD3d at 929). The complaint alleged that prior to the plaintiff starting construction at the subject premises, the Village defendants met with the plaintiff, his architect, and his contractor, and despite knowing that the foundation of the subject premises needed to be replaced before any renovations could take place, the Village defendants advised the plaintiff that it was safe to build on the subject premises, and they issued building permits to the plaintiff despite knowing that the foundation needed to be replaced. Moreover, in opposition to the Village defendants' motion, the plaintiff submitted, inter alia, an excerpt from a transcript of the deposition testimony of the plaintiff's contractor, who testified that prior to the start of the project, he and Fellman met at the subject premises, and Fellman, after [*2]inspecting the foundation, told him that "in his professional opinion the foundation looks good, it's been standing for X amount of years, it's not going anywhere, we're gonna give you the green light to start the project." In reliance on these representations, the plaintiff commenced construction and suffered damages when the foundation had to be replaced after the renovations had been performed. In addition, the complaint adequately alleged circumstances indicating that the Village defendants knew that their inaction "could lead to harm" (Cuffy v City of New York, 69 NY2d at 260; see Santaiti v Town of Ramapo, 162 AD3d at 925).
Accordingly, the Supreme Court should have denied that branch of the Village defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligence insofar as asserted against them.
However, that branch of the Village defendants' motion which was to dismiss the cause of action alleging gross negligence insofar as asserted against them should have been granted. "A cause of action alleging gross negligence exists where the conduct complained of smacks of intentional wrongdoing or evinces a reckless indifference to the rights of others, or where the defendant fails to exercise even slight care or slight diligence" (Soloviev v Ross Sch., 227 AD3d 746, 748 [alterations and internal quotation marks omitted]). Here, the complaint failed to allege any conduct that could be viewed as so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others (see Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021, 1023).
To the extent the complaint purported to allege a cause of action to recover damages for harassment, "New York does not recognize a common-law cause of action alleging harassment" (Mago, LLC v Singh, 47 AD3d 772, 773; see Oluwo v Mills, 228 AD3d 879, 880). The Supreme Court properly denied the plaintiff's cross-motion for leave to amend the seventh cause of action so as to be a cause of action to recover damages for negligent misrepresentation, as the amendment was palpably insufficient and patently devoid of merit (see Jacob Post, Inc. v Samuel Hampton, LLC, 216 AD3d 625, 626; Davydov v Youssefi, 205 AD3d 881, 884).
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court